# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 510

### MELLINGER v. MELLINGER

Ohio Appeals, 9th District, Summit County

No. 700. Decided March 29, 1923

This opinion has not been published except in Abstract.

DIVORCE AND ALIMONY—(1) Neither party entitled to custody of child where there is a suppression of testimony—(2) Mother unfit to have custody of child—(3) Facts showing that child should be placed in custody of disinterested person.

Fourth District Judges sitting.

MIDDLETON, P. J.:

Epitomized Opinion

This was an action brought in the Common Pleas Court of Summit county by Helen Mellinger against Etna Mellinger for alimony and the custody of their only child, aged about three years. The Common Pleas Court found in favor of Mrs. Mellinger and gave her a judgment for alimony and awarded her the custody of the child. Error proceedings were then prosecuted by the defendant. It appeared by the record that prior to this action Mrs. Mellinger had instituted proceedings for divorce. This action was heard and dismissed without granting either party any relief. When the case at bar was presented to the Court of Appeals, the bill of exceptions had attached to it as an exhibit a complete transcript of the evidence taken in the trial of the former case. This was attacked by Mrs. Mellinger on the ground that it was no part of the record. It also appeared that there had been an agreement between counsel to suppress all evidence as to any act or conduct of the parties and any transaction or matter reflecting on their rights which occurred or transpired prior to July, 1921, which was the date of the first trial. The transcript also disclosed that very important evidence bearing on the competency of the parties to properly provide for the child was thereby excluded. In reversing the judgment of the lower court, the Court of Appeals held:

1. That neither party to the instant action was entitled to any relief for the reason that by collusive agreement they suppressed important, relevant and material evidence which the due and proper administration of the law required should be submitted to the court.

2. That the judgment of the lower court was manifestly against the weight of the evidence, as it disclosed that plaintiff was unfit to have charge of the child.

3. The child had reached an age where it may and should be placed in the care of some disinterested person or institution.

Attorneys—Jonathan Taylor, for plaintiff in error; Lee J. Myers, for defendant in error.

No. 511

### MAZENA and FINK v. ORSCHEID et al

Ohio Appeals, Ninth District, Summit County

No. 776. Decided March 6, 1923

This opinion has not been published except in Abstract.

EQUITY—(1) Law prevails where equities are equal—(2) Circumstances showing defendant's superior right to premises—(3) Plaintiff's right to damages for non-performance by lessor.

Washburn and Pardee, JJ .

PER CURIAM.

Epitomized Opinion

This was an action for an injunction against the lessee and lessor certain premises. The plaintiffs received from and paid a consideration to Ortscheid for a certain option or contract concerning the same leasehold. At the time this option was negotiated plaintiffs did not know that the defendants were also negotiating for a lease of the same premises. At the time the defendants negotiated their lease with the defendant Ortscheid, they did not know of the option purchased by plaintiffs. After the defendants obtained a transfer of the property, they had the same recorded in due form, thereby obtaining the legal title. When the plaintiffs learned of this transaction they filed an injunction suit. The Court of Common Pleas of Summit county refused the relief prayed for, and the plaintiffs appealed to the Court of Appeals. In sustaining the lower court this court held:

1. As the equities of the parties are equal, the court must apply a well established maxim of equity, to-wit, between equal equities the law will prevail.

2. Applying the aforesaid maxim to this case, as the defendants had obtained the legal title they must prevail.

3. The only relief that the plaintiffs are entitled to is an assessment of damages against the defendant Ortscheid for a breach of his agreement with them.

Attorneys—Lloyd R. Read, for Mazena and Fink; Nelan & &Walsh, for Orscheid.